# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROY D. MORAGA,

    *Petitioner*,

vs.

ROBERT LAGRAND,,

    *Respondents*.

3:14-cv-00167-RCJ-WGC

ORDER

This habeas matter comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review.

The matter has not been properly commenced because petitioner submitted incomplete financial documentation with the pauper application. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner submitted only a financial certificate with the application without also attaching an inmate account statement for the past six months. Without the complete printout showing daily account activity over the full six-month period, the Court is unable to assess whether the current balance on the financial certificate is representative of petitioner's ability to pay.

The pauper application therefore will be denied without prejudice, and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application with all required attachments. It does not appear that a dismissal without prejudice would materially impact any issue in a new action or otherwise result in

substantial prejudice.[1] Nothing in this order suggests that time remains in any applicable limitation period and/or provides a basis for tolling prior to the filing of a new action. Petitioner at all times remains responsible for filing timely claims in an appropriate state or federal procedural vehicle after first satisfying any applicable exhaustion requirement.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new petition in a new action with a properly completed pauper application with all required – and new – financial documents.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the dismissal of the improperly-commenced action without prejudice

---

[1] The papers in both this and petitioner's prior habeas action along with the online docket records of the state courts reflect the following.

Petitioner Roy Moraga challenges his July 7, 1990, Nevada state conviction, pursuant to a jury verdict of two counts of burglary and two counts of sexual assault and his adjudication as a habitual criminal. After a remand and an appeal from an amended judgment of conviction, the Supreme Court of Nevada affirmed in an October 4, 1995, order. Petitioner filed a state post-conviction petition on or about February 20, 1996, and that proceeding (along with another coterminous state court proceeding) concluded following a state post-conviction appeal with the issuance of the remittitur on May 18, 1999. Petitioner filed a timely federal petition on September 14, 1999, under No. 3:99-cv-00507-DWH-RAM that ultimately was denied on the merits on December 3, 2008, under No. 3:03-cv-00220-LRH-RAM. The Ninth Circuit affirmed on February 23, 2011, and the Supreme Court denied *certiorari* review on October 3, 2011. Two years later, on December 20, 2013, the Ninth Circuit denied petitioner's application to pursue a second or successive federal habeas petition in No. 13-74048. Petitioner has filed a number of state court proceedings subsequent to the filing of his first federal petition; but the proceedings, for one reason or another, would not materially impact any issue as to whether a later federal petition would be untimely or successive.

Given the above prior writ history, a dismissal without prejudice of this action would not materially impact the analysis of any issue in a promptly-filed new federal action, including issues as to whether the action is untimely and/or successive. *Inter alia*, the federal limitation period for a habeas action long since has expired vis-à-vis a challenge to the conviction; and any *arguendo* viable effort to overcome the limitation period at this juncture would not hinge upon the date on which the current action was commenced.

The Court expresses no opinion as to whether a petitioner may seek to compel DNA testing via a federal habeas petition and/or whether petitioner presents a viable federal constitutional claim in this regard via any procedural vehicle. *See generally District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52 (2009); *Osborne v. District Attorney's Office for the Third Judicial District*, 423 F.3d 1050 (9th Cir. 2005)(*Osborne I* in the Ninth Circuit). The Court simply is dismissing the present improperly-commenced action without prejudice.

The Court further is not directing petitioner to file any particular claim in any particular action or type of action. It again simply is dismissing the present improperly-commenced action without prejudice.

to be debatable or wrong, as the dismissal will not materially impact the issues in a new action or otherwise result in substantial prejudice. See text at 1-2 and n.1, *supra*.

The Clerk shall SEND petitioner two copies each of a pauper form for an incarcerated person, a noncapital § 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: April 15, 2014.

_____
ROBERT C. JONES
United States District Judge